LILLIAN ACKERMAN, APPELLEE, V. ANDREW G. ALLENDER, IMPLEADED WITH HENRY L. PETERS, APPELLANT.

FILED OCTOBER 16, 1901. No. 10,351.

1. **Order Vacating Appraisement Presumed Made on Sufficient Showing.** An order vacating an appraisement of real estate being sold under an order of sale in foreclosure proceedings, entered on the application of the plaintiff, on the ground that one of the appraisers was not a freeholder, will, in the absence of the evidence on which the order was made, be conclusively presumed to have been made upon a showing amply sufficient to sustain the action taken.

2. **Vacating Appraisement: HARMLESS ERROR.** When an appraisement of real estate is set aside and a new appraisement is made, which is much higher than the first, and under which the land is sold, a party claiming to own the land is not prejudiced by the order vacating the first appraisement, and, even if erroneous, it is no sufficient ground of objection to the confirmation of the sale.

APPEAL from the district court for Dawson county. Heard below before SULLIVAN, J. *Affirmed.*

*E. A. Cook,* for appellant.

*W. H. Thompson* and *Thompson & Thompson* and *J. L. Ensminger, contra.*

HOLCOMB, J.

Defendant appeals from a final order of confirmation of sale of real estate, made in foreclosure proceedings. The ground of the objection, as urged in brief of counsel for appellant, is that a second appraisement of the mortgaged premises was made and the property sold thereunder before the same had been twice offered for sale under a prior appraisement and not sold for want of bidders. There are two very substantial reasons why the objection can not prevail. The record presented discloses that after the first appraisement, on motion of the plaintiff, it was by the order of court vacated and set aside on the ground that one of the appraisers was not a freeholder as required by law. No exception was taken to this order nor is the evidence preserved and presented to us on which the court acted when the order was entered, and it will, in the absence of such evidence, be conclusively presumed that the court acted upon a showing amply sufficient to sustain the action taken. The defendant at no time made any attempt to have this order vacated for any reason and it must now, we think, be regarded as having been correctly entered.

It also appears from the record before us that the first appraisement, which the defendant is contending the sale should be made under, fixed the gross value of the lands ordered sold at the sum of $1,600, while the second appraisement, which is objected to, finds the gross value to be $2,400. It is hard to conceive, admitting an irregularity existed in setting aside the first appraisement, how the defendant has been prejudiced by the procedure taken. The second appraisement being higher the appellant is benefited and has no valid objection on that ground to the confirmation of the sale. *Nebraska Loan & Trust Co. v. Hamer,* 40 Nebr., 281.

The order of confirmation is accordingly

AFFIRMED.